UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LEE FULTZ,

    Plaintiff,

        v.                         CAUSE NO. 3:20-CV-834-JD-MGG

JASON KNOCKE, et al.,

    Defendants.

## OPINION AND ORDER

Michael Lee Fultz, a prisoner without a lawyer incarcerated at the Westville Correctional Facility, suffers from severe mental disabilities, and he has filed a complaint alleging that Officer Jason Knocke used excessive force against him and Captain Jason Smiley failed to obtain appropriate mental health treatment for him following the attack. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fultz indicates that he suffers from major depressive affective disorder, borderline personality disorder, antisocial personality disorder, paranoid personality disorder, and suicidal ideations. On October 22, 2019, Officer Knocke and another

officer went to Mr. Fultz's cell to take him to recreation. He was handcuffed behind his back and began to back out of his cell. Officer Knocke then started yelling at Fultz, asking why he was exiting the cell like that, and telling him that it wasn't that serious. He repeated this over and over. Fultz then said, "shut the fuck up bitch." ECF 1 at 3. Officer Knocke grabbed Fultz by the throat and slammed him into the concrete floor.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Fultz's allegations, when accepted as true, are sufficient to state a claim against Officer Knocke for excessive force.

Following the incident, Captain Smiley ordered that Fultz's cell be stripped. He was left with only a pair of boxers. Pursuant to IDOC policy, Fultz should have been immediately assessed by a mental health professional following the altercation, but Captain Smiley didn't follow that policy even though he knew that Fultz suffered from severe mental illness. Having his cell stripped exacerbated Fultz's mental illness, and he used a piece of metal left in his cell to cut a six-inch-long gash in his calf.

To the extent that Fultz is alleging that Officer Smiley failed to follow the prison's policy, he cannot state a claim. Policy violations do not amount to constitutional violations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. §

1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

As for the alleged lack of medical care, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Fultz has not alleged facts from which it can be plausibly inferred that Officer Smiley knew that Fultz had a serious medical need for mental health treatment following the encounter with Officer Knocke. Accordingly, he cannot proceed on this claim.

Fultz is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is Fultz's obligation to serve Officer Jason Knocke with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4. If Fultz desires the assistance of the United States Marshal's Service, he may contact them directly to make appropriate arrangements.

For these reasons, the court:

(1) GRANTS Michael Fultz leave to proceed against Officer Jason Knocke in his individual capacity for monetary damages for using excessive force against him on October 22, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Captain Jason Smiley;

(4) DIRECTS Michael Fultz to make arrangements to serve Officer Jason Knocke; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Jason Knocke to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 25, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT